**DE JUR–AMSCO CORPORATION,**
Appellant,

**v.**

Marlin E. **FOGLE.**
**DE JUR–AMSCO CORPORATION,**

**v.**

Marlin E. **FOGLE,** Cross-Appellant.

**Nos. 11608, 11611.**

United States Court of Appeals
Third Circuit.

Argued Jan. 10, 1956.

Decided April 26, 1956.

Maxwell James, New York City (James & Franklin, New York City, Harry B. Rook, Newark, N. J., Irving Galpeer, New York City, on the brief), for plaintiff.

Robert F. Darby, Newark, N. J. (Darby & McDonough, Marlin E. Fogle, Anthony Ambrose, Jr., Newark, N. J., on the brief), for defendant.

Before MARIS, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Plaintiff, DeJur-Amsco Corporation, has appealed and defendant, Marlin E. Fogle, has cross-appealed from an order of the United States District Court for the District of New Jersey. The issues center around a patent which was issued to the defendant in 1952.

In April, 1945, plaintiff and defendant entered into an employment agreement whereby defendant was hired as chief engineer in charge of electrical instruments.

Defendant commenced his employment on May 22, 1945, and continued as chief engineer until mid-September, 1946. Thereafter, he served for a time as an engineering consultant. Before, during, and after the period of defendant's employment, plaintiff, a manufacturer of electrical and mechanical apparatus in various fields, including the photographic field, engaged in the production of exposure meters, a device used for calculating the time of exposure of a film according to the light at the time of photography.

In May, 1946, defendant filed an application for Letters Patent for a certain type of automatic, dual-range exposure meter. In October, 1946, Jack Kuscher, plaintiff's manager of sales and vice president in charge of engineering personnel, filed a similar application, and defendant was advised by plaintiff that his inventorship would be contested by interference, since plaintiff regarded Kuscher and not defendant as the inventor. Interference proceedings were in fact commenced. An attempt to abandon them was later made, although leave to do so was refused. Subsequently, Letters Patent No. 2,584,440, covering the automatic, dual-range exposure meter, were issued to the defendant. About the time the abandonment of the interference proceedings was attempted, this action was commenced by plaintiff to compel an assignment to it of defendant's patent application. The district court dismissed the complaint on the merits and granted defendant's counterclaim demands for an accounting based upon the employment agreement between the parties. Another of defendant's counterclaims, requesting damages, attorneys' fees and costs resulting from plaintiff's alleged fraudulent instigation, prosecution, and attempted abandonment of the Patent Office Interference proceeding, was dismissed.

On this appeal, plaintiff challenges the district court's refusal to compel an assignment and the order to plaintiff that it "account to defendant in the sum of seven cents per meter for all two-range exposure meters manufactured and shipped by the plaintiff which meters embody features covered by defendant's Patent No. 2,584,440, for a period of seventeen years, commencing October 1, 1947, pursuant to Paragraph II, subsection 3, of the employment agreement * * *."

▇ Plaintiff now concedes that defendant is the inventor. That being so, plaintiff is entitled to an assignment of the patent only if it can show that defendant expressly agreed to assign the patent or that defendant was employed to invent and the invention is the precise subject of the employment contract. United States v. Dubilier Condenser Corp., 1933, 289 U.S. 178, 187–188, 53 S.

Ct. 554, 77 L.Ed. 1114; Standard Parts Co. v. Peck, 1924, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed. 560; Dalzell v. Dueber Watch-Case Mfg. Co., 1893, 149 U.S. 315, 320, 13 S.Ct. 886, 37 L.Ed. 749.

Plaintiff does not contend that defendant expressly agreed to assign any patents he would obtain, and it is admitted that the employment agreement says nothing about ownership of patents. Thus, if plaintiff is entitled to an assignment, that right depends upon a showing that defendant was employed to invent and the patented invention is the precise subject of the employment contract.

Plaintiff argues that defendant was hired to help design, originate, and invent new models of exposure meters, and when he invented the automatic, dual-range meter he was doing exactly what he was hired to do. The terms of the employment contract certainly do not sustain plaintiff. That contract is contained in three letters dated April 18, April 24, and April 27, 1945. The letter of April 18 sets out the relevant portions of the contract.[1] Nowhere in that letter can we find terms which state that the defendant was hired to design, originate, or invent. The agreement does indicate that the defendant as chief engineer in charge of electrical instruments was to be closely associated with the production of exposure meters, but that can hardly be read as an agreement to invent. Nor can we read such an agreement into the provisions that entitled defendant to higher compensation on the production of new models. Plaintiff itself admits

---

1. [Letterhead of DeJur-Amsco Corporation]

"18 April 1945

"Mr. Marlin E. Fogle
"45 Dogwood Road
"West Orange, New Jersey
"Dear Mr. Fogle:
"This letter confirms our conversation yesterday with respect to your employment by this company. The following matters were discussed and agreed upon:
"I. It is understood that you will enter our employ within approximately six (6) weeks from his date in the capacity of Chief Engineer, in charge of electrical instruments.
"II. This arrangement will be on the basis of an annual salary of $10,000.00, plus the following added compensations;
 "1. Immediately upon the commencement of your duties with this company, you will receive two (2¢) cents on each exposure meter currently manufactured and shipped by this company, except on such meters sold to government or war agencies.
 "2. You will receive seven (7¢) cents on each exposure meter manufactured and sold by this company on such new models as made and produced after you enter our employ. This sum will be paid to you for a period of five (5) years from the date of production of these units and it is further understood that in the event of your demise during such period that seven (7¢) cents per meter on such new models will be paid to your wife, Mrs. Dorothy G. Fogle, or her heirs, for the remaining period.

 "3. It is further understood that in the event of termination of your employment with us, that the compensation of seven (7¢) cents per exposure meter on such units resulting from designs originating during your employ with us will continue only on exposure meters that embody features of your contribution and that have been covered by patents.
 "4. Payment of the foregoing sums will be made to you on a quarterly basis.
"III. In your capacity as indicated above, you will be given every assistance with respect to drafting and engineering facilities and it is understood that you will diligently devote your full time to the duties involved.
"IV. The time of this agreement shall be for one year from the date of your commencement of work for this company and with the understanding that this agreement may be renewed on the same terms by mutual consent upon its expiration.
"Your acceptance of this agreement may be indicated by signing the attached copy and forwarding it to us, by return mail.
 "Very cordially yours,
 "DeJur Amsco Corporation
 "/s/ R. A. DeJur
 "R. A. DeJur
 "President
"/s/ J. J. Kuscher
 "J. J. Kuscher, Vice President
"Accepted:
"With the understanding that this agreement does not include working on Saturdays.
"/s/ Marlin E. Fogle
 "Marlin E. Fogle"

that the compensation which defendant was to receive on new models did not depend upon any contributions by defendant to the new models. Even if we were to accept plaintiff's interpretation of the effect of the agreement, at best defendant's only obligation was to generally improve production. And, as was said in the Dalzell case, supra, 149 U.S. at pages 320–321, 13 S.Ct. at page 888, and quoted with approval in Dubilier,

> " * * * a manufacturing corporation, which has employed a skilled workman, for a stated compensation, to take charge of its works, and to devote his time and services to devising and making improvements in articles there manufactured, is not entitled to a conveyance of patents obtained for inventions made by him while so employed, in the absence of express agreement to that effect."

 Although what we have said clearly shows that plaintiff is not entitled to an assignment, the proverbial lily may be gilded by noting that plaintiff wrote the contract, and any doubt as to its meaning, in this equitable action for specific performance, must be resolved in favor of defendant.

It has also been argued that the relationship between the parties shows that defendant was hired to invent, but nothing has been shown that will substantiate this claim. Indeed, plaintiff, in its recital of facts, says that in the work of an important development period, "Fogle did not even play a minor part." It seems strange that had defendant been hired specifically to invent something, he would not even have played a minor part in plaintiff's important development period which was going on for over seven months after defendant had commenced his employment.

Other claims raised by plaintiff on the assignment question are without merit.

 The second part of plaintiff's appeal concerns the amount of compensation allowed defendant under paragraph II, subsection 3, of the agreement.

Paragraph II, subsections 2 and 3, concern additional compensation which defendant was to receive. Those subsections read:

"2. You will receive seven (7¢) cents on each exposure meter manufactured and sold by this company on such new models as made and produced after you enter our employ. This sum will be paid to you for a period of five (5) years from the date of production of these units and it is further understood that in the event of your demise during such period that seven (7¢) cents per meter on such new models will be paid to your wife, Mrs. Dorothy G. Fogle, or her heirs, for the remaining period.

"3. It is further understood that in the event of termination of your employment with us, that the compensation of seven (7¢) cents per exposure meter on such units resulting from designs originating during your employ with us will continue only on exposure meters that embody features of your contribution and that have been covered by patents."

The district court decided that the five-year limitation on compensation contained in paragraph II, subsection 2, did not apply to compensation under paragraph II, subsection 3, and that defendant was entitled to compensation under paragraph II, subsection 3, for the life of the patent, a seventeen-year period. The reference to patents was interpreted as referring to defendant's patents and the continuation of the seven cents compensation was, therefore, taken to mean continuation as long as defendant had a patent.

Plaintiff argues that the five-year limitation on paragraph II, subsection 2, must be read into paragraph II, subsection 3. We think that the district court's interpretation was reasonable and, in view of the fact that plaintiff prepared the agreement and chose its language, any ambiguity must be resolved in favor of defendant.

Defendant's cross-appeal concerns the district court's order dismissing his claim for relief because of plaintiff's alleged fraudulent instigation, prosecution, and attempted abandonment of the interference proceeding. The district court dismissed because it was "not satisfied of definite fraudulent intent on the part of the plaintiff either in the interference proceeding or in the institution of the present suit." We think the district court was correct. Without setting forth the points in detail, we have concluded that although plaintiff may have been mistaken as to its rights, sufficient evidence of fraud is lacking in the record.

For the foregoing reasons, the order of the district court will be affirmed.